UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MURILLO,

                Petitioner,            Case No. 2:14-cv-14858
                                                      Honorable Denise Page Hood

v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 8], (2) GRANTING RESPONDENT'S MOTION TO EXTEND TIME [Dkt. 7], (3) DENYING PETITIONER'S PENDING MOTIONS AS MOOT [Dkts. 3, and 10], AND (4) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

    Petitioner Robert Murillo is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and possession with intent to distribute marijuana. 21 U.S.C. § 841(a). The Court sentenced Petitioner to a 295-month term for the cocaine conviction and a 60-month term for the marijuana conviction. Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' decision to preclude him from early release eligibility under 18 U.S.C. §3621(e) because he received a sentencing enhancement

for possession of a firearm. Specifically, Petitioner asserts that the BOP practice at issue violates the Fair Sentencing Act of 2010. Presently before the Court is Respondent's motion to dismiss the petition on the grounds that Petitioner failed to exhaust his administrative remedies.

**I. Background**

On February 19, 2013, Petitioner was interviewed for the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP). Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has the discretion to reduce an inmate's sentence by up to one year if he was convicted of a nonviolent offense and successfully completes RDAP. On March 19, 2013, the Designation and Sentence Computation Center legal staff determined that Petitioner was not eligible for the early release benefit under 18 U.S.C. § 3621(e) in part because his current offense conviction involved a two-point enhancement for possession of a firearm. 28 C.F.R. § 550.55(b)(5)(ii).

On March 10, 2014, Petitioner appealed this determination to the North Central Region of the BOP, without first attempting to pursue any administrative remedies at the institutional level. Petitioner claimed that his appeal was "sensitive," and allowed him to bypass the institution level. See 28 C.F.R. 542.14(d)(1). The appeal was rejected as not sensitive, and Petitioner was directed to pursue relief at the institutional level. Petitioner appealed the rejection, but it was upheld by the Central

Office for Inmate Appeals on April 28, 2014. Petitioner did not attempt to re-file his request for administrative remedy through the administrative remedy program, but instead he filed the instant petition.

## II. Discussion

Section 2241 provides an avenue for federal prisoners to challenge official action affecting execution of a sentence. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). However,"[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Yet, "[a] prisoner's failure to exhaust available . . . administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini*, 473 F.3d at 236.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. *See* 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may

submit a BP–9 Request to the Warden within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. *See id.* Appeal to the General Counsel is the final administrative appeal. *See id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In this case, Petitioner admits that he did not pursue exhaustion of his administrative remedies. Instead, he claims that he was not required to because to do so would be futile. As Respondent asserts, however, Petitioner raises a novel § 3621(e) eligibility issue by asserting that the BOP decision violates the Fair Sentencing Act. He cites no authority that the BOP had already considered and rejected this particular argument. The Court agrees with Respondent that BOP should first have an opportunity to review and address this issue before the Court has to make such a finding. "Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal

court, and it discourages disregard of the agency's procedures." *Fazzini*, 473 F.3d at 231. Accordingly, the petition will be dismissed without prejudice.

## III. Order

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that Respondent's motion to extend time is GRANTED.

It is further ORDERED that Petitioner's motions for expedited review are DENIED as moot.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager